Argued May 7, affirmed June 1, 1915.

## HOBSON *v,* O'CONNOR.

(149 Pac. 83.)

**Appeal and Error—Record—Authentication—Sufficiency.**

1. A transcript purporting to be a rehearsal of the proceedings at trial, certified only by the official reporter and not even in the form for a bill of exceptions, cannot be considered on appeal.

From Malheur: DALTON BIGGS, Judge.

This is an action by S. A. Hobson against Florence O'Connor and J. O'Connor, in which the plaintiff recovered a judgment and defendant appeals. The facts are set forth in the opinion of the court.

AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. William E. Lees.*

For respondent there was a brief and an oral argument by *Mr. C. McGonagill.*

Opinion PER CURIAM.

This is an action to recover the possession of what the parties treated in their contract as personal property. The plaintiff and the defendant Florence O'Connor entered into an agreement in writing, whereby the former agreed to sell to the latter what

they termed fixtures and personal property; among other things, "one (1) brick one-story building and appurtenances located on the property belonging to Frank Welch situated at the southeast corner of Oregon Street and Washington Avenue, Ontario," retaining title to the property until the purchase price was fully paid in installments apportioned by the agreement. The right to recover is predicated upon the alleged failure of the purchaser named in the contract of conditional sale to liquidate the unpaid balance of the purchase price.

The defendant claims, in substance, that the title to the building failed, in that there was no agreement whereby the plaintiff might remove the same from the premises of Welch. Various questions are urged in the briefs of the parties, but we are unable to consider them for want of a bill of exceptions. Accompanying the transcript is what purports to be a rehearsal of the proceedings at the trial certified by Wm. M. Walker, official reporter; but it is not in any way authenticated by the judge who presided at the trial. It is not even in the form prescribed by the statute for a bill of exceptions, and hence we cannot consider any of the objections urged.

The judgment of the Circuit Court must therefore be affirmed.                                    AFFIRMED.